**SO ORDERED.**

**SIGNED this 06 day of December, 2012.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION**

IN RE:

| | |
|---|---|
| JOEY KEITH EXUM, | CHAPTER 13 |
| VANESSA WATSON EXUM, | CASE NO. 12-02029-8-RDD |
| DEBTORS | |

**ORDER GRANTING MOTION FOR CONTEMPT AND SANCTIONS**

Pending before the Court is the Motion for Contempt and Sanctions (the "Motion") filed by Joey Keith Exum and Vanessa Watson Exum (the "Debtors") on October 12, 2012. No responses were filed to the Motion. A hearing took place on November 15, 2012 in Wilson, North Carolina.

**BACKGROUND**

The Debtors filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on March 15, 2012. The Debtors are individuals who reside in Fountain, North Carolina. The Debtors own a 2010 Chevy Equinox (the "Vehicle") which was repossessed by SunTrust Bank prior to the bankruptcy petition date. Upon filing, the Vehicle was returned to the Debtors. SunTrust Bank is a lienholder on the certificate of title to the Vehicle and is a secured creditor. On March 21, 2012, SunTrust Bank filed Proof of Claim No. 1-1 in the amount of $23,027.16. The Debtors' Plan

provides that the claim of SunTrust Bank will be paid in full through the Plan. The Plan was confirmed and an order confirming the Chapter 13 Plan was entered on June 5, 2012.

On May 8, 2012, the Debtors received an installment loan payment request (the "Notice") from SunTrust Bank stating that the vehicle loan account was past due and requesting payment in the amount of $1,936.00. Later that day, Mrs. Exum and her attorney contacted SunTrust Bank and spoke with a representative, Stacy, in the Bankruptcy Department. Stacy acknowledged that SunTrust Bank knew the Debtors were in bankruptcy and was unsure why the Notice was sent. Stacy assured Mrs. Exum and her counsel that she would notify the Collections Department of the bankruptcy filing. On May 30, 2012, the Debtors received another Notice from SunTrust Bank stating that the account was past due requesting payment in the amount of $1,734.89. On June 7, 2012, counsel for the Debtors mailed a letter to SunTrust Bank at P.O. Box 305053, Nashville, T.N. 37230-5053, notifying it of the bankruptcy filing and requesting that SunTrust Bank cease sending collection notices. Despite that effort, the Debtors received three additional Notices. The Debtors received a Notice on July 2, 2012 requesting payment in the amount of $1,087.66. The Debtors received a Notice on August 30, 2012 requesting payment in the amount of $1,138.31. The Debtors received a Notice on October 1, 2012 requesting payment in the amount of $1,628.01.

Almost nine months after filing the bankruptcy petition, November 2, 2012, the Debtors received a letter from SunTrust Bank's Bankruptcy Department acknowledging it received notice of the Debtors' petition for bankruptcy protection.

The Debtors allege SunTrust Bank deliberately and willfully violated the automatic stay by sending the five collection notices. The Debtors allege they suffered emotional distress and mental anguish caused by a constant fear that their Vehicle would be repossessed and that they would be

2

left stranded without transportation. The fact that the Vehicle was previously repossessed added to the Debtors' stress level and anxiety. SunTrust Bank's claim was to be paid in full through the Plan. Since the case was filed, the Debtors have consistently made their plan payments timely and as of October 12, 2012 the Trustee had made three payments to SunTrust Bank as follows: (1) May 3, 2012 in the amount of $690.81; (2) June 7, 2012 in the amount of $1,118.93; and (3) July 5, 2012 in the amount of $916.75. The Debtors also allege that they have incurred additional attorney fees in an attempt to resolve this issue.

SunTrust Bank failed to appear at the November 15, 2012 hearing and did not file a response to the Motion.

## **DISCUSSION**

Section 362(a) of the Bankruptcy Code imposes a stay on "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of a case under" Title 11. 11 U.S.C. § 362 (a)(6). The Bankruptcy Code also provides that any "individual injured by any willful violation of a stay provided by this section shall recover actual damages . . . and in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362 (k)(1).

This Court has held "willfulness does not refer to the intent to violate the automatic stay, but the intent to commit the act which violates the automatic stay." *Lofton v. Carolina Fin. LLC (In re Lofton)*, 385 B.R. 133, 140 (Bankr. E.D.N.C. 2008) (citing *Citizens Bank v. Strumpf*, 37 F.3d 155 (4th Cir.1994), *rev'd on other grounds* 516 U.S. 16, 11 (1995)). Furthermore, "[i]f the creditor intentionally acts and its actions violate the automatic stay, the creditor's acts are willful." *In re Jones*, No. 06-00380-8-RDD, at 3 (Bankr. E.D.N.C. June 27, 2007).

Based on the evidence, the Court finds the Debtors proved SunTrust Bank willfully violated the automatic stay by a preponderance of the evidence. SunTrust Bank mailed five separate Notices in attempts to collect on the Vehicle loan. The Debtors and counsel contacted SunTrust Bank regarding the Notices but SunTrust Bank failed to cease these activities. SunTrust Bank had knowledge the Debtors were in bankruptcy and had knowledge the Debtors were protected by the automatic stay as evidenced by the May 8, 2012 conversation with Stacy in the SunTrust Bank Bankruptcy Department and SunTrust Bank's November 2, 2012 letter to the Debtors. Though SunTrust Bank may not have intended to violate the automatic stay, it fully intended to send the five Notices. SunTrust Bank did not respond to requests to cease its collection activities. SunTrust Bank routinely encounters Debtors in bankruptcy. Based on SunTrust Bank's failure to cease sending Notices, it appears SunTrust Bank's Bankruptcy Department is not properly communicating with its Collection Department. These actions constitute a willful violation of the automatic stay. SunTrust Bank failed to respond to the motion and failed to appear at the hearing. Such failures of SunTrust Bank further demonstrate to the Court a cavalier attitude on the part of SunTrust Bank.

Upon finding willful violations of the automatic stay, the Court may award actual damages, which include monetary damages "to compensate for actual emotional distress caused by a creditor's violation of the automatic stay." *In re Thorpe*, Case No. 11-00862-8-SWH, 2011 WL 5909403 at *2 (Bankr. E.D.N.C. May 17, 2011) (citing *In re Kirkbride*, Case No. 08-00120-8-JRL, 2010 WL 4809334 (Bankr. E.D.N.C. Nov. 19, 2010) (allowing $10,000.00 damages for humiliation and embarrassment caused by a creditor's actions)). The Court may also award punitive damages for a willful violation of the automatic stay for the purpose of causing "a change in the creditor's behavior . . . ." *In re Sands*, Case No. 10-12205C-13G, 2011 WL 3962491 at *3 (Bankr. M.D.N.C.

April 1, 2011) (quoting *In re Shade*, 261 B.R. 213, 216 (Bankr. C.D. Ill. 2001)).  The Court finds § 362(k) allows for recovery of actual damages, including emotional distress.  *See In re Thorpe*, Case No. 2011 WL 5909403 at *2; *In re Kirkbride*, 2010 WL 4809334 at *5; *Dawson v. Wash. Mut. Bank (In re Dawson)*, 390 F.3d 1139, 1148 (9th Cir. 2004).  Evidence of emotional distress need not rise to the level necessary to prove intentional infliction of emotional distress or negligent infliction of emotional distress under North Carolina law.

The Court finds that the Debtors suffered emotional distress and mental anguish.  Having had the Vehicle previously repossessed, the Debtors were very concerned that their Vehicle would be repossessed again after receiving the Notices.  Based on SunTrust Bank's willful violation of the automatic stay the Debtors are entitled to actual damages in the amount of $2,500.00.

The Debtors' attorney, Jennifer K. Bennington, is entitled to attorney fees in the amount of $2,500.00.  The total of $5,000.00 shall be paid to Jennifer K. Bennington, P.O. Box 1907, Wilson, North Carolina 27894.

The Court also finds punitive damages in the amount of $10,000.00 are appropriate in this case based on SunTrust Bank's willful violation of the automatic stay.  The punitive damage sanctions of $10,000.00 shall be paid to the Clerk of the U.S. Bankruptcy Court for the Eastern District of North Carolina.  Said sanctions, attorney fees and damages shall be paid within twenty (20) days of the entry of this Order.

**SO ORDERED.**

**END OF DOCUMENT**