**SO ORDERED.**

**SIGNED this 06 day of March, 2013.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### WILSON DIVISION

IN RE:

JOEY KEITH EXUM,                                    CHAPTER 13
VANESSA WATSON EXUM,                      CASE NO.  12-02029-8-RDD

       DEBTORS

### ORDER

Pending before the Court is SunTrust Bank's Motion for Reconsideration of Order Granting Motion for Contempt and Sanctions (the "Motion to Reconsider") filed by SunTrust Bank ("SunTrust") on December 10, 2012; the Memorandum of Law in Support of SunTrust Bank's Motion for Reconsideration filed by SunTrust on February 14, 2013; and the Objection to Motion for Reconsideration of Order Granting Motion for Contempt and Sanctions (the "Response") filed by Joey and Vanessa Exum (the "Debtors") on December 13, 2012.  The Court conducted a hearing on February 19, 2013 to consider the Motion to Reconsider and the Response.

### BACKGROUND

The Debtors filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on March 15, 2012.  SunTrust filed Claim No. 1 in the amount of $23,027.16 in the Debtors' bankruptcy case on March 21, 2012.  The Debtors own a 2010

Chevrolet Equinox (the "Vehicle") that secures SunTrust's claim.  Prior to the petition, SunTrust repossessed the vehicle.  Upon filing the petition, the Vehicle was returned to the Debtors.  On June 5, 2012, the Court entered the Order Confirming Chapter 13 Plan.  The Debtors' Chapter 13 Plan provides for full payment of SunTrust's secured claim.

On October 12, 2012, the Debtors filed the Motion for Contempt and Sanctions (the "Motion for Sanctions") against SunTrust for violation of 11 U.S.C. § 362 based on attempts to collect the debt secured by the Vehicle.  In the Certificate of Service attached to the Motion for Sanctions, filed on October 12, 2012, the Debtors indicated the Motion to Reconsider was served by certified mail on the following parties at SunTrust:

> SunTrust                    (Certified Mail)
> Attn: Officer or Managing Agent
> PO Box 305053
> Nashville, TN 37230-5053
>
> SunTrust                    (Certified Mail)
> Attn: Officer or Managing Agent
> PO Box 791144
> Baltimore, MD 21279-1144
>
> SunTrust Bank          (Certified Mail)
> Attn: Officer or Managing Agent
> Support Services
> PO Box 85092
> Richmond, VA 23286

SunTrust did not file a response to the Motion for Sanctions.

The Court conducted a hearing on the Motion for Sanctions on November 15, 2012 in Wilson, North Carolina.  At the hearing, the Debtors presented evidence as to SunTrust's willful violations of the automatic stay.  Beginning on May 8, 2012, SunTrust sent a total of five (5) notices of request for payment on the loan secured by the Vehicle after the filing of the bankruptcy petition.

After receiving the first notice, Mrs. Exum and her attorney contacted SunTrust's bankruptcy department via telephone. The SunTrust representative stated the bank was aware of the bankruptcy petition and was unsure why the Debtors were still receiving payment requests. The representative stated she would notify the collections department of the bankruptcy filing. Less than thirty (30) days later, the Debtors received another notice of request for payment. The Debtors' counsel once again contacted SunTrust, this time mailing a letter to PO Box 305053, Nashville, Tennessee 37230-5053, requesting that SunTrust stop sending collection notices because of the bankruptcy filing. Despite this effort, the Debtors received three additional notices of request for payment.[1] It was not until November 2, 2012 that the Debtors received a letter from SunTrust acknowledging it received notice of the Debtors' bankruptcy petition. The Debtors suffered emotional distress and mental anguish after receiving the notices of request for payment caused by a constant fear that the Vehicle would be repossessed and they would be left stranded without transportation. The previous repossession of the Vehicle added to the Debtors' stress level and anxiety.

In an order entered on December 6, 2012, the Court found the Debtors were entitled to actual damages for SunTrust's willful violations of the automatic stay in the amount of $2,500.00. The Court also found the Debtors' attorney was entitled to attorney's fees of $2,500.00 for bringing the Motion for Sanctions and required SunTrust to pay $10,000.00 in additional sanctions for repeated,

---

[1] SunTrust's claim was to be paid in full through the Plan. As of the date of the Motion for Sanctions, the Debtors were current on their plan payments to the Trustee and all payments had been made timely.

3

willful violations of the automatic stay to the Clerk of the U.S. Bankruptcy Court for the Eastern District of North Carolina.[2]

At the hearing on the Motion to Reconsider, SunTrust presented testimony of Crystal Balke, Assistant Vice President and manager in the bankruptcy department at SunTrust. Ms. Balke testified that the PO Box 85092, Richmond, VA 23286 (the "Richmond PO Box") address is a PO Box that is used by multiple departments within SunTrust. According to Ms. Balke, when mail is received at the Richmond PO Box, it is reviewed by two levels of mail clerks and sent to the appropriate department within the bank. Ms. Balke stated that any mail addressed to "Support Services" should normally be routed to her department. Once in her department, if the mail was sent to the correct employee, it would be brought to her attention. Ms. Balke confirmed that the Richmond PO Box is the same as the address where notices should be sent as listed on the proof of claim filed by SunTrust. Ms. Balke testified that the PO Box 305053, Nashville, Tennessee 37230-5053 address is the address that was listed on the statements sent to the Debtors by SunTrust. Ms. Balke was unsure of what connection SunTrust has with the PO Box 791144, Baltimore, Maryland 21279-1144 address. Ms. Balke testified that employees in her department are instructed to inform any one asking for service information that any notices should be sent to the attention of SunTrust's Chief Executive Officer, William Rogers at 303 Peachtree Street, Atlanta, Georgia 30308.

---

[2] In the order, the Court noted that SunTrust had knowledge of the bankruptcy petition and that the Debtors were protected by the automatic stay. The Court found SunTrust had the requisite intent to send the five notices of request for payment to the Debtors, which violated the automatic stay. Further, SunTrust's failure to respond to the Debtors' requests to cease its collection activities were caused by the failure of SunTrust's bankruptcy to properly communicate with its collections department. Such actions demonstrated a cavalier attitude on the part of SunTrust and necessitated additional sanctions for the willful violations of the automatic stay.

In the Motion to Reconsider, SunTrust asserts that it did not learn of the Motion for Sanctions until after the Order Granting Motion for Contempt and Sanctions was entered. SunTrust argues that because it is a federally insured depository institution, service on it must be made in accordance Federal Rule of Bankruptcy Procedure 7004(h), which requires service to be made by certified mail on an officer of the institution. SunTrust argues that the requirement of serving an officer means serving a named officer of the corporation at the address of that officer rather than an unnamed officer at a post office box address. At the hearing, SunTrust stated that searching the North Carolina Secretary of State website was the only burden involved in determining the correct address for a principal of the bank. Therefore, SunTrust requests the Court reconsider the Order Granting Motion for Contempt and Sanctions based on the deficiency in service.

In the Response, the Debtors assert that the Motion for Sanctions was served on SunTrust via certified mail using the address set forth in the proof of claim SunTrust filed, as well as at the addresses on the statements sent to the Debtors by SunTrust. Further, the Debtors point out that SunTrust accepted all three (3) instances of service by evidence of the return receipt and in two (2) instances, the return receipts were signed by SunTrust employees. Therefore, the Debtor argues the Court should not reconsider the Order Granting Motion for Contempt and Sanctions as SunTrust was properly served with the Motion for Sanctions.

## DISCUSSION

Rule 9024 of the Federal Rules of Bankruptcy Procedure, subject to certain exceptions, makes Rule 60 of the Federal Rule of Civil Procedure applicable to a request to obtain relief from a judgment or order. Fed. R. Bankr. 9024. In the Fourth Circuit, "a party seeking relief under Rule 60(b) must make a threshold showing of 'timeliness, a meritorious defense, a lack of unfair prejudice

5

to the opposing party, and exceptional circumstances.'" *Huennekens v. Reczek*, 43 Fed. Appx. 562, 567 (4th Cir. 2002) (citing *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)).

Once this threshold is met, the party seeking relief must also satisfy one of the conditions enumerated under Rule 60(b). *Id.* Rule 60(b) provides relief from a final order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trail under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

SunTrust argues it was not properly served with the Motion for Sanctions pursuant to Rule 7004(h) because the Motion for Sanctions was addressed to "Officer or Managing Agent" instead of to the attention of a specifically named officer. Rule 7004(h) provides that unless an exception applies, service of process on a federally insured depository institution "shall be made by certified mail addressed to an officer of the institution . . . ." Fed. R. Bankr. P. 7004(h). In the Fourth Circuit, Rule 7004(h) places "more rigorous service of process requirements" for federally insured depository institutions and service on a registered agent is insufficient to comply with the rule. *Hamlett v. Amsouth Bank (In re Hamlett)*, 322 F.3d 342, 346 (4th Cir. 2003). However, the Fourth Circuit has

not addressed whether Rule 7004(h)'s requirement to serve "an officer" refers to a generic or named officer.

SunTrust cites case law from other bankruptcy courts that find service of process on an unidentified officer of a federally insured depository institution does not meet the requirements of Rule 7004(h). *In re Franchi*, 451 B.R. 604 (Bankr. S.D. Fla. 2011); *Faulknor v. Amtrust Bank (In re Faulknor)*, No. R04-43921-PWB, 2005 WL 102970 (Bankr. N.D. Ga. Jan. 18, 2005). Case law from bankruptcy courts within the Fourth Circuit is not helpful in determining whether service on a named officer is required to satisfy Rule 7004(h). For instance, the District of South Carolina, declined to decide the issue of whether under Rule 7004(h) service must be performed on a named officer. *Kennedy v. CitiBank South Dakota, NA (In re Kennedy)*, 403 B.R. 363, 366 n.4 (Bankr. D.S.C. 2009); *see also Hovis v. Grant/Jacoby, Inc. (In re Air South Airlines, Inc.)*, 249 B.R. 112, 117 n.4 (Bankr. D.S.C. 2000) (declining to decide whether service was proper under Rule 7004(b)(3) but noting case law requiring service on a named individual within a corporation is a better interpretation of Rule 7004(b)(3) for policy purposes). Bankruptcy courts in other districts are spilt on the issue. *Compare In re Cornejo*, No. A10-00351-DMD, 2010 WL 7892449 (Bankr. D. Alaska Aug. 2, 2010) (holding it is not too burdensome to locate the names of specific officers in order to comply with Rule 7004(h)); *and Saunders v. Applied Card Bank (In re Saunders)*, No. 09-6791, 2009 WL 6499130 (Bankr. N.D. Ga. May 29, 2009) (finding an F.D.I.C. institution must be served by certified mail on a named officer); *with Gambill v. Consumer Recovery Assoc. (In re Gambill)*, 477 B.R. 753 (Bankr. D. Ark. 2012) (stating that because officers of a corporation frequently change, service on an unnamed "officer" is sufficient to satisfy Rule 7004(h)).

SunTrust also argues that case law concerning Rule 7004(b)(3) is instructive on this issue because the rule contains the same requirement to serve an officer or managing or general agent of a corporation as Rule 7004(h).[3]  Fed. R. Bankr. P. 7004(b)(3).  SunTrust points to cases that require service pursuant to Rule 7004(b)(3) to be made on a named officer of an institution.  *Pittman Mech. Contractors, Inc. v. Gibson Equip. Co. Inc. (In re Pittman Mech. Contractors, Inc.)*, (Bankr. E.D. Va. 1995) (finding service should have been made on a named officer rather than "President or Corporate Officer"); *In re Saucier*, 366 B.R. 780 (Bankr. N.D. Ohio); *In re Villar*, 317 B.R. 88 (9th Cir. 2004); *In re Schoon*, 153 B.R. 48 (Bankr. N.D. Cal. 1993).  However, an equal number of courts hold that Rule 7004(b)(3) does not require specifically naming an officer or managing or general agent.  *See Moglia v. Lowitz & Sons (In re Outboard Marine Corp.)*, 359 B.R. 893 (Bankr. N.D. Ill. 2007) (explaining if the drafters of the rule intended for a plaintiff to serve an officer or agent by name, they could have provided so through plain language); *Conseco Fin. Servicing Corp. Inc. v. Rushton (In re Rushton)*, 285 B.R. 76, 81 (Bankr. S.D. Ga. 2002); *Fleet Credit Card Services, L.P. v. Tudor (In re Tudor)*, 282 B.R. 546, 550 (Bankr. S.D. Ga. 2002); *Schwab v. Assocs. Commercial Corp. (In re C.V.H. Transp., Inc.)*, 254 B.R. 331, 334 (Bankr. M.D. Pa. 2000).

In light of the conflicting authority, the Court finds SunTrust's assertion that it was not served in accordance with Rule 7004(h) does not rise to the level of a meritorious defense under these facts. To meet the requirement of showing a meritorious defense, a party must "proffer evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim."

---

[3] Rule 7004(b)(3) requires that service upon a domestic or foreign corporation must be made by first class mail "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Bankr. P. 7004(b)(3).

*Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (citing *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 n.8 (4th Cir. 1974)). SunTrust has proffered no evidence except to suggest that the appropriate party at SunTrust did not learn of the Motion for Sanctions until it was too late to respond.  Ms. Balke provided no testimony indicating a valid defense to the Motion for Sanctions existed.  In addition to the allegations of improper service, SunTrust must show some evidence that would permit the Court to rule in its favor on the Motion for Sanctions.[4]

Further, the Court finds the Debtors would be unfairly prejudiced by granting the Motion to Reconsider.  The Debtors relied on the address SunTrust designated for notices in the proof of claim.[5]  The Debtors served SunTrust with the Motion for Sanctions by certified mail in accordance with Rule 7004(h) and received confirmation that SunTrust accepted service of all three (3) copies served on the bank by way of the return receipts.[6]  Additionally, by serving the Motion for Sanctions to the attention of an "Officer or Managing Agent," the Debtors complied with the commonly used method of addressing notices sent to federally insured depository institutions in this district.  After

---

[4] No meritorious defense was plead in the Motion to Reconsider. On inquiry by the Court at the hearing as to whether SunTrust had a meritorious defense, counsel for SunTrust responded that SunTrust had an explanation but provided nothing further.

[5] There is at least some authority finding that by designating an address where notices to a creditor should be sent on the proof of claim, a creditor has held that address out as the proper address for service under Rule 7004(b)(3).  *In re Vill. of Craftsman, Inc.*, 160 B.R. 740, 745 (Bankr. D.N.J. 1993) (denying a motion to vacate an order where a debtor served the motion on the address that the creditor designated as the address where notices should be sent on the proof of claim).

[6] Rule 7004(h) provides SunTrust, as a federally insured depository institution, greater protection by requiring service to be preformed via certified mail, thus insuring confirmation of receipt.

9

finding the Debtors complied with the accepted form of service pursuant to Rule 7004(h) in this district, it would be unfairly prejudicial to the Debtors to grant the Motion to Reconsider, especially when no meritorious defense on the merits was proffered.

Accordingly, because the Court finds SunTrust failed to demonstrate a meritorious defense and lack of unfair prejudice, the Motion to Reconsider is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**